██ In the Matter of FRANCES MORRIS, Individually and as Executrix of SARA MORRIS, Deceased, Appellant, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Resondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Comptroller of the State of New York which held valid, as against petitioner's allegations of testatrix' insanity, (1) testatrix' application on September 7, 1955 for retirement

under the State Retirement System and (2) testatrix' subsequent selection of a retirement plan which provided payments to her at the maximum rate during her lifetime and no payment thereafter to her estate or beneficiary. It was specifically determined that testatrix was competent at the time of each action. The case was previously before us and the legal issues were stated in our memorandum decision (6 A D 2d 937). Petitioner concedes that testatrix was sane on December 23, 1954, on which date she made her will. On March 16, 1955 she was hospitalized for involutional psychosis and discharged about seven weeks later. She resumed her work as a librarian but after the first two weeks worked only part time until a date shortly after her application for retirement. Subsequent to her retirement she made weekly visits to a psychiatric clinic for about 11 weeks and was thereafter treated by her own psychiatrist. About six months after her retirement she was again hospitalized and released and shortly thereafter committed suicide. Petitioner's expert witness was a psychiatrist who saw and treated testatrix after her first discharge from the hospital. This witness testified that testatrix was " apparently able to get around the streets, and to conduct her own affairs "; that she, the witness, had not advocated that testatrix be committed " because she did not appear to be generally incompetent "; but that she was " incompetent " to make the selection. Respondents' expert said that testatrix was " thoroughly competent " to make the selection and had recovered from the episode of involutional melancholia. The Comptroller was entitled to resolve whatever conflict existed in the medical evidence by accepting this testimony, which cannot be accounted less than substantial evidence supportive of the determination. Determination unanimously confirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.